FEDERAL TRADE COMMISSION,
Plaintiff,

v.

H.J. HEINZ, COMPANY,
et al., Defendants.

No. CIV.A. 00–1688(JR).

United States District Court,
District of Columbia.

Oct. 4, 2001.

Richard B. Dagen, Paul J. Nolan, Gary H. Schorr, Thomas S. Respess III, Joseph Brownman, David A. Balto, James A. Fishkin, Federal Trade Commission, Washington, DC, for plaintiff.

Edward R. Henneberry, Howrey & Simon, Washington, DC, Counsel H.J. Heinz Company.

Mark Kovner, Gerald F. Masoudi, David R. Pruitt, Kirkland & Ellis, Washington, DC, for Milnot Holding Corporation.

David A. Bentley, Dewey Ballantine L.L.P., Washington, DC, Wayne A. Cross, Michael J. Gallagher, Michelle L. Wilhelm, Dewey Ballantine L.L.P., New York City, for Non Party Gerber.

### *MEMORANDUM*

ROBERTSON, District Judge.

Notwithstanding the skepticism of the Court of Appeals that an injunction would "kill this merger," *see FTC v. H.J. Heinz Co.,* 246 F.3d 708, 726–27 (D.C.Cir. 2001), H.J. Heinz, Co. announced publicly within hours of the Court of Appeals' decision that it had abandoned its plans to acquire Beech–Nut Foods. A month after that announcement, on May 25, 2001, FTC counsel asked the FTC administrative law judge to dismiss the Commission's complaint, representing in the motion that the transaction had been abandoned immediately after the D.C. Circuit's decision and that counsel for the two companies had

consented to the filing of the motion to dismiss.

On September 5, 2001, two different FTC attorneys moved in this Court for a preliminary injunction that would not only restrain the (now abandoned) merger, but also "maintain the status quo during the pendency of an administrative proceeding by the Commission challenging the acquisition and until such proceeding is dismissed by the Commission...."

■ The voluntary cessation of allegedly illegal conduct renders a motion for an injunction moot if it is "absolutely clear" that the conduct sought to be enjoined could not reasonably be expected to recur. *Friends of the Earth, Inc. v. Laidlaw Env' Servs. (TOC), Inc.*, 528 U.S. 167, 188–89, 120 S.Ct. 693, 708, 145 L.Ed.2d 610 (2000) (quotations omitted). In this case, a publicly held company has publicly abandoned merger plans after a unanimous appellate opinion as to which it did not seek further review. The government agency that opposed the merger has moved to dismiss the proceedings against it.[1] If Heinz and Beech–Nut were to rekindle their interest in one another at some later time, they would have to go through FTC pre-merger clearance procedures. *United States v. Mercy Health Servs.*, 107 F.3d 632, 635–37 (8th Cir.1997). It is hard to see how it could be any clearer that the Heinz–Beech–Nut merger cannot reasonably be expected to recur.

The claims of the FTC in this action are thus moot. The FTC has no warrant, in any event, to seek an injunction maintaining the "status quo," when the status quo does not include merger plans. The motion for entry of a preliminary injunction

will be denied, and the case will be dismissed.

---

1. In federal civil practice, this would be a "nonsuit." See F.R. Civ. P. 41(a)(1), which requires no court order granting a voluntary dismissal, even after a responsive pleading has been filed, if everyone agrees to the dismissal.